IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOMINIQUE EDWARD BUCHANAN                                                PLAINTIFF

v.                                Civil No. 1:18-CV-01014

DOUG WOOD; and CAMERON
OWENS, Ouachita County Jail                                              DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff Dominique Edward Buchanan proceeds in this matter *pro se* pursuant to 42 U.S.C. § 1983.

Plaintiff filed his Complaint on January 30, 2018, in the Eastern District of Arkansas. (ECF No. 2). On March 5, 2018, the matter was transferred to the Western District of Arkansas. (ECF No. 6). On March 13, 2018, a text only order was entered directing Plaintiff to complete the certificate portion of the *in forma pauperis* application by April 3, 2018. (ECF No. 9). On March 22, 2018, the Court granted Plaintiff's Motion for Extension of Time to File IFP Application, giving Plaintiff until April 16, 2018, to submit his IFP application to the Court or pay the filing fee. (ECF No. 11). Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* on April 5, 2018, but did not include a completed Certificate of Inmate Account and Assets. (ECF No. 12).

On May 8, 2018, an Order to Show Cause was entered. (ECF No. 14). It appeared to the Court that Plaintiff was transferred from the Ouachita County Detention Center to the Arkansas Department of Correction ("ADC") on or about April 5, 2018.[1] The Clerk was directed to change Plaintiff's address and was further directed to send Plaintiff a blank IFP application. Plaintiff was given until May 21, 2018, to show cause why this action should not be dismissed for failure to include

---

[1] Over the telephone, the Administrator of the Ouachita County Detention Center informed the Court of Plaintiff's transfer to the ADC. The Court then confirmed the transfer through an inmate search on the ADC website.

a completed Certificate of Inmate Account and Assets and for failure to keep the Court informed of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). This Court's Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a court order directing him to file a completed Certificate of Inmate Account and Assets, Plaintiff has failed to respond to an Order to Show Cause, and Plaintiff has failed to keep the Court informed of his current address. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of May 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge